FILED
99 DEC -7 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| THE HEIL COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CV 93-PT-2040-M |
| MCNEILUS TRUCK and MANUFACTURING, INC., | ) ) ) | |
| Defendant. | ) ) | |

ENTERED
DEC 0 7 1999

## MEMORANDUM OPINION

This cause comes on to be heard on defendant's Motion for Summary Judgment filed on October 22, 1999. The parties have stipulated to the following undisputed facts and have agreed that said motion is deemed submitted.

### Undisputed Facts

1. On February 10, 1978, Fred T. Smith filed a patent application for a "Refuse Compaction Apparatus"–Application Serial No. 051876,644 ("the '644 Application"). Plaintiff's United States Patent No. 4,371,306 ("the '306 Patent"), is based upon the '644 Application.

2. The '644 Application as filed on February 10, 1978, included the following documents:

    (A) Declaration and Power of Attorney executed by Mr. Smith on January 17, 1978 (the "1978 Declaration");

    (B) The specification, drawings, and claims; and



(C) The required filing fee.

3. The 1978 Declaration did not contain the mandatory recital pertaining to the "duty to disclose" prior art.

4. On March 1, 1979, the Patent and Trademark Office (PTO) issued its first official action relating to the '644 Application that contained, among other documents, a document entitled "Notice of Informal Application" on "FORM PTO 89-2 (Rev. 3-77) (FORMERLY PTO-152)." This document provided in part:

> "The declaration clause regarding '. . .acknowledge a duty to disclose. . .' as required by 37 C.F.R. § 1.65(a)(1) has been omitted."

5. On October 29, 1980, the applicant of the '644 Application filed a Declaration that contained the required "duty to disclose" recital.

6. On February 9, 1979, a United Kingdom Patent Application, later given Serial No. 2017043A (the "United Kingdom Patent Application"), was filed in the name of the same inventor as the '306 Patent (Fred T. Smith) and by the same assignee (Sargent Industries, Inc.).

7. The United Kingdom Patent Application was based on the '644 Application.

8. The United Kingdom Patent Application contains illustrations and text that are virtually identical to that in the '306 Patent.

9. The United Kingdom Patent Application completely and fully describes the subject matter of all claims of the '306 Patent, including claims 5, 6, 7 and 8.

10. On October 3, 1979, the United Kingdom Patent Application was published.

## Discussion

The defendant argues that the plaintiff's claim(s) in this action fail "as a matter of law

because the 'invention' set forth in the 306 Patent was described in a similar patent application published by the British Patent Office more than one year prior to the proper filing date of the 306 Patent in the United States. Therefore, the 306 Patent is invalid under 35 U.S.C. § 102(b)."

Title 35 § 102 provides: "A person shall be entitled to a patent unless . . .(b) the invention was known or used by others in this country, or patented <u>or described in a printed publication in this or a foreign country</u> . . . more than one year prior to the date of the application for patent in the United States. . . ." (emphasis added).

The key dates are as stated in 1, 4, 5, 6, and 10 of the stipulated facts stated above. The basic issue is whether "the date of the application for patent ['306] in the United States" was more than one year after October 3, 1979. The question to be answered is "what was the date of the application for patent ['306] in the United States" as intended by said § 102(b).

Although § 102(b) refers to "the date of the application," the parties apparently do not dispute that such date is the date of filing.

Defendant argues:

(1) that the filing date is the date that a complete application is filed;

(2) that the '306 Patent application was not "complete" until the application contained the mandatory statutory disclosures;

(3) that, effective January 1, 1978, each patent applicant was required to "acknowledge a duty to disclose information he is aware of which is material to the examination of the application"; and

(4) that the '306 Patent application was not complete until October 29, 1980, more than one year after the key date of October 3, 1979.

3

The plaintiff counters with the following arguments:

(1) The defect in the original application declaration was a "minor informality";

(2) "On October 29, 1980, within the time allowed by the PTO, Mr. Smith, [the inventor], filed a corrected supplemental declaration that included a statement acknowledging a duty to disclose information to the PTO"; and

(3) "The declaration filed by Mr. Smith on October 29, 1980, remedied the alleged defect in Mr. Smith's original declaration filed on February 10, 1978," without penalty or loss of the February 10, 1978, filing date of the patent.

In a recorded telephone conference on October 28, 1999, the parties agreed that the ultimate issue to be determined by this court is whether the defect in the 1978 '306 Patent application was a "minor informality." If it was, defendant's motion is due to be denied. If it was not, defendant's motion is due to be granted.

At a further, extensive recorded telephone conference on November 23, 1999, the court determined, inter alia, the following:

(1) Defendant does not claim that the subject application was ever abandoned, just that it was incomplete until there was compliance with 37 C.F.R.§ 1.65(a)(1); that the application was not complete until October 29, 1980; that the PTO did not have the authority to consider the application filed until it was complete; and that, pursuant to 35 U.S.C. § 102(b), the patent is invalid.

(2) Plaintiff's position is that the failure to include the § 1.65(a)(1) statement was a "minor informality" and did not cause an incomplete application as evidenced by the PTO referring to the defect as an informality rather than as causing an incomplete application. See

4

Manual of Patent Examining Procedure, Dtd. June 1979, Revised 9-9-82, § 506 ("MPEP"), making distinction between incomplete applications and informal applications. The manual indicates, as does 35 U.S.C. § 102(b), that as to an incomplete application, "no filing date is granted until the incompleteness is corrected."

The court notes that § 506, consistent with various statutes under Title 35, states that "incompleteness may consist of the omission of any one of the component parts of <u>an</u> <u>application</u>" (emphasis added). It further states, "the component parts of <u>an</u> <u>application</u> are:

1. A declaration or oath, 35 U.S.C. § 111;

2. A specification, 35 U.S.C. § 112;

3. A claim, 35 U.S.C. § 112;

4. A drawing, 35 U.S.C. § 113;

5. Basic statutory filing fee of $65.00."

(emphasis added).

The only area of arguable incompleteness at issue here relates to the declaration or oath.

At the pertinent time, 35 U.S.C. § 111 required an oath as prescribed by 35 U.S.C. §115. There is no argument that there was no declaration or oath. Defendant's argument is that the "completeness" requirement of an oath was not met because the oath did not include an acknowledgment of a "duty to disclose information he is aware of which is material to the examination of the application."

The court further notes that 37 C.F.R. § 1.51 is consistent with the listing of the component parts of a "complete application" in the Manual as discussed, <u>supra</u>. The real issues are these:

5

1. Was the failure to comply with § 1.65(a) a "minor informality" or was the application "too informal" or incomplete to allow the PTO to give it a filing date until it was completed.[1]

The following matters weigh in favor of the defendant's position, but they are followed by at least a portion of plaintiff's response.

(1) The following language in <u>Litton Systems, Inc. v. Whirlpool Corp.</u>, 728 F.2d 1423, 1437 (Fed. Cir. 1984):

> In many patent validity suits, the legal filing date for the application on which a patent issues is of critical importance. Federal regulation provides that the "filing date of [patent] application is the date on which the complete application, acceptable for placing on the files for examination is received in the Patent and Trademark Office; or the date on which the last part completing such application is received..., 37 C.F.R. § 1.55(a). Furthermore, these regulations require that "[a]n application for a patent will not be accepted and placed upon the files for examination until all its required parts, complying with the rules relating thereto, are received. . .," 37 C.F.R.§ 1.53(a).
>
> . . .
>
> Both statute, 35 U.S.C. § 111, and federal regulation, 37 C.F.R. § 1.51, make clear the requirement that an application for a patent must include (1) a specification and claims, (2) a drawing, (3) an oath or declaration, and (4) a filing fee. The omission of any one of these component parts make a patent application incomplete and thus not entitled to a filing date. <u>Gearon v. United States</u>, 121 F.Supp. 652, 654, 129 Ct.Cl. 315, 101 U.S.P.Q. 460, 461 (1954), <u>cert. denied</u>, 348 U.S. 942, 75 S.Ct. 364, 99 L.Ed. 737, 104 U.S.P.Q. 409 (1955).
>
> An application without a properly executed oath or declaration, in particular, was not complete and thus not entitled to a filing date. <u>Potter v. Dann</u>, 201 U.S.P.Q. 574, 575 (D.D.C. 1978). . . . The necessity of an oath or declaration was absolute. No rule permitted the PTO to act otherwise, since the oath or

---

[1] There is apparently no dispute that if there was such incompleteness that no filing date could be given, the patent is invalid pursuant to 35 U.S.C. § 102(b).

declaration was not among those "minor informalities" which the PTO could waive subject to subsequent correction, 37 C.F.R. § 1.53(a). . . .

The plaintiff notes that, in <u>Litton</u>, the ruling was based on the <u>total absence</u> of a declaration.

(2) The MPEP states, with reference to "incomplete applications," that some applications are "too informal" to be given a filing date and are to be considered as incomplete applications.

The plaintiff notes that the PTO notices were not sent on the Notice of Incomplete Application forms as indicated in this portion of Section 506 of the MPEP, but were sent pursuant to the section on "Informal Applications." Further, that the "Incomplete Applications" portion of Section 506 refers, as do the statutes, regulations and <u>Litton</u>, to <u>parts</u> of the <u>application</u>, not to deleted portions of such a part.

(3) Defendant relies on <u>Baxter International, Inc. v. McGaw, Inc.</u>, 149 F.3d. 1321 (Fed. Cir. 1998). Defendant notes the following language in <u>Baxter</u>.

> Because the effective filing date of the '554 patent is January 7, 1991, Baxter's counterpart PCT application, published on July 27, 1989, is prior art under 35 U.S.C. § 102(b) as a foreign publication published more than one year before the date of application in the United States. . . . We see no reason to remand to the district court on this issue and therefore hold that the '554 patent is therefore invalid as a matter of law under § 102(b) as anticipated by Baxter's counterpart PCT application.

149 F.3d at 1334.

Plaintiff notes that <u>Baxter</u> involved the total omission of a specific statutory requirement under 35 U.S.C. §§ 111 and 112. Plaintiff also notes the following language in <u>Baxter</u>.

> . . . Section 1.183 provides in relevant part: "In an extraordinary situation, when justice requires, a requirement of the regulations in this part which is not a requirement of the statutes may be suspended or waived by the Commissioner . . . <u>sua sponte</u>, or on petition of the interested." According to Baxter, the PTO's

7

indication that the '395 application was filed on June 12, 1990 and the grant of the effective filing date of January 25, 1988, is a valid exercise of its power to suspend its regulations under § 1.183. However, § 1.183 explicitly acknowledges (as it must) that statutory requirements may not be waived. The requirements of § 112 that require the applicant to submit a set of claims are clearly statutory, as are the requirements of § 120 that the divisional application co-pend with the parent application. These requirements may not be waived by the PTO. While the PTO is presumed to have complied with all applicable rules, the presumption cannot overcome a clear statutory violation. . . .

Id.

The court notes that In re Hoffman-La Roche, Inc., 25 U.S.P.Q.2d 1539 (1992) also involved a specific statutory requirement which the Commissioner had no authority to waive.

(4) Defendant also relies on the cases of Dethmers Mfg. Co. Inc. v. Automatic Equip. Mfg. Co., 23 F.Supp. 2d 974 (N.D. Iowa 1998); In Re Constant, 827 F.2d 728 (Fed. Cir. 1987); Nupla Corp. v. IXL Mfg. Co., 114 F.3d 191 (Fed. Cir. 1997); and In Re Bosies, 207 U.S.P.Q. 1139 (Dec. Comm'r Pat. 1979). These cases all raise serious doubt about the validity of plaintiff's patent.

## Court's Conclusion

Only finality will give the infallible answer to this issue. This court is ultimately persuaded by the following:

(1) The PTO did accept the application and give it a filing date of more than one year prior to both February 9, 1979, and, of course, October 3, 1979. The decision of the PTO is entitled to some presumption.

(2) There is no controlling case in which all of the following apply:

(a) The missing element was a part of a statutory requirement as opposed to a regulatory requirement;

8

(b) There was at least some statutory compliance and the missing regulatory element was later supplied; and

(c) The PTO had given a filing date which was invalidated by the court.

The action of the PTO could well be considered discretionary and reasonable since:

(1) A *new* regulation was involved and there *was* a declaration or oath from which only the new requirement was missing; and

(2) There is no apparent prejudice to anyone else, but there would be great prejudice to the applicant if the patent is invalidated.

Not only did PTO give the application the early filing date, the missing element was noted as being on an informal application rather than an incomplete application. Plaintiff has acknowledged that the application was not abandoned.

Defendant's motion for summary judgment will be DENIED.

Compare In Re Bennett, 766 F.2d 524 (Fed. Cir. 1985).

**DONE** and **ORDERED** this 7th day of December, 1999.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**